# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CHARLES MCDONALD**                           **CIVIL ACTION**

**VERSUS**                                      **NO.  17-1523**

**DARREL VANNOY, WARDEN**                       **SECTION "N"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings,

including an evidentiary hearing, if necessary, and to submit proposed findings and

recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as

applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the

entire record, I have determined that a federal evidentiary hearing is unnecessary.  See

28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition

for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I.    FACTUAL BACKGROUND

The petitioner, Charles McDonald, is a convicted inmate currently incarcerated in

the Louisiana State Penitentiary in Angola, Louisiana.[2]   On February 28, 1991,

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 3.

McDonald was indicted by an Orleans Parish grand jury for aggravated rape of a twelve-year old child.[3]  The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case, in relevant part, as determined at trial as follows:

> The defendant lived with the victim's mother for about ten years, ending in October of 1990.  The victim was two years old when the defendant began living in her mother's home.
> In January of 1991, the victim, then twelve years old, told her mother that she was pregnant and that defendant was the father.  She further related to her mother that the defendant had been having intercourse with her since about age ten.  The victim's mother took her to a physician who determined the victim was twenty weeks pregnant.  The victim's mother then notified the police department.
> Detective Michael Judge interviewed the victim, then called the defendant and requested that he come to the Child Abuse Office.  The defendant complied.  Upon his arrival, defendant was arrested.  He made a taped statement at this time, which was played to the jury at trial.
> The victim testified that she at one time had a father-daughter relationship with the defendant, but he began fondling her when she was five years old, and had been having sexual intercourse with her since she was seven or eight.  The defendant told her not to tell and he would not hurt her.

State v. McDonald, 614 So.2d 368 (La. App. 4th Cir. 1993) (Table); State Record Volume 1 of 3, Louisiana Fourth Circuit Court of Appeal Opinion, pages 1-2, 91-KA-2744, March 11, 1993.

McDonald was tried before a jury on July 30, 1991, and found guilty as charged.[4]  At a September 9, 1991, hearing, the state trial court sentenced McDonald to life in prison without benefit of parole, probation or suspension of sentence.[5]

---

[3]St. Rec. Vol. 1 of 3, Indictment, 2/28/91.

[4]St. Rec. Vol. 1 of 3, Trial Minutes, 7/30/91; Jury Verdict, 7/30/91; Trial Transcript, 7/30/91.

[5]St. Rec. Vol. 1 of 3, Sentencing Minutes, 9/9/91.

On direct appeal, McDonald's appointed counsel asserted two claims:[6] (1) The state trial court erred in denying the defense's motion for a continuance. (2) The state trial court improperly limited cross-examination when it sustained the State's objection to one of defense counsel's questions to the victim. The Louisiana Fourth Circuit affirmed the conviction on March 11, 1993, finding no merit in the claims.[7]

McDonald's conviction became final thirty (30) days later, on Monday,[8] April 12, 1993, when he did not seek further review in the Louisiana Supreme Court. See Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

More than ten years later, on September 4, 2003, McDonald signed and submitted an application for post-conviction relief[9] to the state trial court asserting that his conviction was obtained by an unconstitutionally empaneled grand jury leaving the state trial court without subject matter jurisdiction under State v. Dilosa, 848 So.2d 546 (La.

---

[6]St. Rec. Vol. 1 of 3, Appeal Brief, 91-KA-2744, 11/18/92.

[7]State v. McDonald, 614 So.2d at 368; St. Rec. Vol. 1 of 3, 4th Cir. Opinion, 91-KA-2744, 3/11/93.

[8]The final day was Saturday, April 10, 1993, which extended the last day of the period to Monday, April 12, 1993. Fed. R. Civ. P. 6(a)(1)(C).

[9]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, dated 9/4/03; Supplemental Application for Post-Conviction Relief, not dated or file stamped. The dates of these filings are confirmed in the Louisiana Fourth Circuit's September 29, 2009, ruling on McDonald's related writ application. St. Rec. Vol. 2 of 3, 4th Cir. Order, 2009-K-1250, 9/29/09.

2003).[10]  On January 4, 2005, McDonald sought an order from the Louisiana Fourth Circuit to compel the state trial court to rule on his 2003 post-conviction application.[11] The court granted the writ application on March 10, 2005.[12]  An October 17, 2007, order from the Louisiana Fourth Circuit indicates that the state trial court was unable to locate the 2003 post-conviction application and supplemental application.  The court instructed him to re-file his pleadings with the state trial court.[13]

On August 18, 2009, the state trial court denied McDonald's application for post-conviction relief finding that it sought untimely post-conviction relief under La. Code Crim. P. art. 930.8, and noting that McDonald had one year from issuance of Dilosa, or until June 27, 2004, within which to assert his claims.[14]  On September 29, 2009, the Louisiana Fourth Circuit reversed the state trial court because the post-conviction application was timely filed when it was received on September 8, 2003, and ordered the

---

[10]In Dilosa, 848 So.2d at 546, the Louisiana Supreme Court found unconstitutional the Orleans Parish grand jury selection process outlined in La. Code Crim. Proc. arts. 412, 413(C) and 414(C) and La. Rev. Stat. § 15:114 and the introductory phrases excluding Orleans Parish from La. Code Crim. Proc. arts. 413(B) and 414(B).

[11]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2005-K-0044, 1/7/05 (dated 1/4/05).

[12]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2005-K-0044, 3/10/05.

[13]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2007-K-1213, 10/17/07; 4th Cir. Writ Application, 2007-K-1213, 9/19/07 (dated 9/11/07).

[14]St. Rec. Vol. 2 of 3, Trial Court Order, 8/18/09.

4

state trial court to consider the claims on the merits, along with those in McDonald's supplemental application received January 6, 2004.[15]

The state trial court then denied McDonald's post-conviction claim on April 14, 2010, because the issue was not preserved by filing a pretrial motion to quash as required by Louisiana law.[16]  The Louisiana Fourth Circuit denied McDonald's subsequent writ application on June 3, 2010, finding no error in the state trial court's ruling.[17]  The Louisiana Supreme Court also denied McDonald's related writ application on September 2, 2011, without stated reasons.[18]

On some unspecified date in 2012, McDonald signed and submitted a set of motions requesting an evidentiary hearing and other such relief in connection with an application for post-conviction relief, although no application related to these motions is included in the record before me.  Nevertheless, on May 21, 2014, the state trial court denied McDonald's post-conviction application as repetitive and successive under La. Code Crim. P. art. 930.4(E).

---

[15]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2009-K-1250, 9/29/09; 4th Cir. Writ Application, 2009-K-1250, 9/14/09 (dated 9/8/09).

[16]St. Rec. Vol. 2 of 3, Trial Court Order, 4/14/10.

[17]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2010-K-0751, 6/3/10; 4th Cir. Writ Application, 2010-K-0751, 5/25/10.

[18]State ex rel. McDonald v. State, 68 So.3d 530 (La. 2011); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2010-KH-1495, 9/2/11; La. S. Ct. Writ Application, 10-KH-1495, 6/25/10; see also, Supplemental Writ Application, 10-KH-1495, 12/29/10 (dated 12/20/10).

On June 13, 2014, McDonald signed and submitted a writ application to the Louisiana Fourth Circuit seeking review of the trial court's order.[19]  In that writ application, McDonald indicated that the state trial court erred in denying relief on his claim that the grand jury was unconstitutionally empaneled leaving the trial court without subject matter jurisdiction.  The Louisiana Fourth Circuit denied the writ application on August 20, 2014, finding no error in the trial court's ruling.[20]  McDonald did not seek further review of this ruling.

More than one year later, on December 28, 2015, McDonald filed another application for post-conviction relief in the state trial court in which he asserted that the indictment failed to assert a crime because it only accused him of aggravated rape of the victim, who was twelve years old, without a statutory citation or clarification of the victim's age when the incident occurred.[21]  On February 25, 2016, the state trial court denied the application as repetitive and successive pursuant to La. Code Crim. P. 930.4(E).[22]

---

[19]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2014-K-0835, 8/7/14 (dated 6/13/14).

[20]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2014-K-0835, 8/20/14.

[21]See, St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 16-KH-1802, 10/5/16 (dated 9/26/16) (in which McDonald confirms the claim asserted and conceded the date of filing of the application for post-conviction relief in the state trial court).

[22]St. Rec. Vol. 3 of 3, Trial Court Order, 2/25/16.

In addressing McDonald's related writ application on August 4, 2016, the Louisiana Fourth Circuit held that the state trial court erred in relying on La. Code Crim. P. art. 930.4(E) without first allowing McDonald to explain his procedural default. However, the appellate court found no need to remand the matter because McDonald's claims were untimely under La. Code Crim. P. art. 930.8 and were otherwise in procedural default under La. Code Crim. P. art. 841, because no motion to quash the indictment was filed before trial. The court also noted that, on direct appeal, it did not find errors in the indictment, which adequately notified McDonald that he was accused of having sexual intercourse with the victim starting in 1986 while she was under or at the age of twelve.

On November 7, 2016, the Louisiana Supreme Court declined to consider McDonald's related writ application, finding that it was untimely filed under La. S. Ct. Rule X§5.[23] The court later granted McDonald's request for reconsideration and denied his writ application on January 13, 2017, noting that his post-conviction application was not timely filed in the state trial court under La. Code Crim. P. art. 930.8 and State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995).[24]

---

[23]State ex rel. McDonald v. State, 204 So.3d 994 (La. 2016); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2016-KH-1802, 11/7/16; La. S. Ct. Writ Application, 16-KH-1802, 10/5/16 (dated 9/26/16).

[24]State ex rel. McDonald v. State, __ So.3d __, 2017 WL 128230, at *1 (La. Jan. 13, 2017); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2016-KH-1802, 1/13/17; Request for Reconsideration, 16-KH-1802, 11/22/16 (dated 11/18/16).

III.   <u>FEDERAL HABEAS PETITION</u>

On March 10, 2017, after correction of certain deficiencies, the clerk of this court filed McDonald's petition for federal habeas corpus relief in which he asserts that the state trial court lacked subject matter jurisdiction and his conviction and sentence are unconstitutional because the indictment did not charge him with a crime under Louisiana law.[25]  McDonald also argues in his petition and reply to the State's opposition that this court should find that his post-conviction applications were timely and not procedurally barred under Louisiana law, because his claim is based on lack of subject matter jurisdiction of the state court.[26]

The State filed an opposition in response to McDonald's federal petition asserting that it was not timely filed under federal law, the claim is in procedural default and the claim otherwise is not cognizable on federal habeas review.[27]

III.   <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[25]Rec. Doc. No. 3.

[26]Rec. Doc. Nos. 3, 9.

[27]Rec. Doc. No. 8.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[28] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to McDonald's petition, which, for reasons discussed below, is deemed filed in federal court on February 16, 2017.[29]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has asserted that McDonald's federal petition was not timely filed and that the claim is in procedural default.  For the following reasons, the record supports the

---

[28]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[29]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk filed McDonald's deficient petition on February 22, 2017, when it was received, and it the case was opened March 10, 2017, when the filing fee was received. McDonald dated the original, deficient petition on February 16, 2017, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing to a federal court. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

State's conclusions, and McDonald's petition should be dismissed, because it is both time-barred and procedurally defaulted.

## IV.    STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[30]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  McDonald's conviction became final on April 12, 1993, which was 30 days after the Louisiana Fourth Circuit affirmed his conviction on direct appeal.  This date, however, occurred before the April 24, 1996, effective date of the AEDPA. Flanagan, 154 F.3d at 198.  Nevertheless, the United States Fifth Circuit Court of Appeals granted all habeas petitioners one year after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255.  Flanagan,

---

[30]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

154 F.3d at 200; United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998), cert. denied, 525 U.S. 1091 (1999).

The court in "Flores concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date to file petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." Flanagan, 154 F.3d at 200 (citing Flores, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1006).

In McDonald's case, this one-year grace period statute of limitations allowed him until April 24, 1997, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year grace filing period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-

11

Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).  Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

McDonald has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case.  The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was

filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).");  Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (citing Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 264 F.3d 310, 316 (3rd Cir. 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In McDonald's case, the one-year grace period statute of limitations began to run on April 25, 1996, the day after the AEDPA became effective as law, and did so without interruption for 365 days until April 24, 1997, when it expired. McDonald had no properly filed state application for post-conviction relief or other collateral review

pending during that time period.  His first such pleading was submitted for filing in the state trial court more than five years and four months later, on September 4, 2003.

Even if there could be any question as to the completeness of the state court record between April 24, 1996 and September 4, 2003,[31] the subsequent state court pleadings confirm that McDonald's petition still is untimely.  Specifically, in addition to other shorter periods of time demonstrated in the procedural history, McDonald allowed another uninterrupted period of 464 days to pass between August 20, 2014, and December 28, 2015, without having any pending state post-conviction or other collateral review or having filed a federal habeas petition.  His federal petition therefore is untimely under the AEDPA.

Under the mailbox rule, McDonald's federal petition was filed on February 16, 2017, which was more than 19 years and 9 months after the one-year grace period statute of limitations expired on April 24, 1997.  His federal petition was not timely filed and must be dismissed with prejudice for that reason.[32]

_____

[31]See, St. Rec. Vol. 1 of 3, Letter from Orleans Parish Clerk of Court, 6/9/17.

[32]The United States Supreme Court decision in Martinez v. Ryan, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition.  In Martinez, the Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  Trevino v. Thaler, 569 U.S. 413, 1914 (2013) (quoting Martinez, 566 U.S. at 17).  McDonald has not presented any claim of ineffective assistance of counsel to this court or the state courts, much less one that was met with a procedural bar.  In addition, the decisions in Martinez and Trevino do not address or provide an excuse for untimely filing of a federal habeas petition.  See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any

## V.    PROCEDURAL DEFAULT

In addition to its untimeliness, McDonald's claim is in procedural default and therefore barred from review by this federal habeas court.  McDonald asserts that his conviction and sentence are unconstitutional because of the alleged insufficiency of the indictment, which he claims failed to charge a crime under Louisiana law.  He presented this claim in his 2015 state court post-conviction application.  The Louisiana Supreme Court denied his related writ application on January 13, 2017, because McDonald sought untimely post-conviction relief under La. Code Crim. P. art. 930.8 and State ex rel. Glover, both of which address the time for seeking state post-conviction review.  At the time McDonald's conviction became final, Article 930.8 provided a three-year time limit for seeking post-conviction relief in the Louisiana courts, and that period ran from the date the applicant's judgment of conviction became final under Louisiana law.[33]  In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny

---

potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).  Martinez and Trevino also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.  See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither Martinez nor Trevino provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

[33]See, State v. Journet, 629 So.2d 1367, 1391 (La. App. 3d Cir. 1993).  The current version of Art. 930.8 provides a two-year period.  La. Code Crim. P. art. 930.8(A) (as amended 1999).

post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower courts addressed the merits or did not consider timeliness.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 & n.10 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review. Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. Harris, 489 U.S. at 263; Glover, 128 F.3d at 902. The procedural bar also prevails over any alternative discussion of the merits of the claim by a state court. See Robinson v. Louisiana, 606 F. App'x 199, 203-04 (5th Cir. 2015) (citing Woodfox v. Cain, 609 F.3d 774, 796 (5th Cir. 2010)). In this case, the procedural rule cited by the Louisiana Supreme Court bars review of McDonald's federal habeas claims.

A.    INDEPENDENT AND ADEQUATE

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.   A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  <u>Amos</u>, 61 F.3d at 338.  The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim."  <u>Fisher</u>, 169 F.3d at 300.

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases.  <u>Walker v. Martin</u>, 562 U.S. 307, 316-17 (2011); <u>Glover</u>, 128 F.3d at 902.  A state procedural rule "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." (citation omitted) <u>Beard v. Kindler</u>, 558 U.S. 53, 60-61 (2009).  The question of the adequacy of a state procedural bar is itself a federal question.  <u>Beard</u>, 558 U.S. at 60 (citing <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002)).

The last reasoned decision on McDonald's claim was the judgment of the Louisiana Supreme Court relying exclusively on La. Code Crim. P. art. 930.8 and <u>State ex rel. Glover</u>, both of which are state law independent of any federal grounds.  It is well settled in the Fifth Circuit that denial of relief premised on the untimeliness of a claim under La. Code Crim. P. art. 930.8 "is sufficient to fulfill the independence requirement"

19

of the procedural default doctrine.  Glover, 128 F.3d at 902.  The same is true in this case.

The United States Fifth Circuit has also squarely held that, because "Louisiana courts have regularly invoked [Article 930.8] to bar untimely claims," it is an "adequate" rule, i.e., it "is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims."  Glover, 128 F.3d at 902 (citing Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989); Johnson v. Miss., 486 U.S. 578, 587 (1988); Amos, 61 F.3d at 339); Morris v. Cain, No. 06-30916, 2008 WL 3876479, at *1 (5th Cir. 2008); Pineyro v. Cain, 73 F. App'x 10, 11 (5th Cir. 2003).

The state court's ruling was based on Louisiana law setting forth the procedural requirements for the presentation of post-conviction claims.  See Fisher, 169 F.3d at 300 (state courts' clear reliance on state procedural rule is determinative of the issue).  The state court's reasons for denial of relief on McDonald's claim was therefore independent of federal law and adequate to bar review of his claims in this court.

B.    CAUSE AND PREJUDICE

A federal habeas petitioner may be excepted from the procedural default rule only if he can show "cause" for his default and "prejudice" attributed thereto, or demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice."  Fisher, 169 F.3d at 301 (citing Magouirk v. Phillips, 144 F.3d

348, 359 (5th Cir. 1998); <u>Coleman</u>, 501 U.S. at 748-50); <u>Amos</u>, 61 F.3d at 338-39 (citing

<u>Harris</u>, 489 U.S. at 262; <u>Engle v. Isaac</u>, 456 U.S. 107, 129 (1982)).

To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.  <u>Id</u>. at 486.

McDonald has not offered any cause for the default that would excuse the procedural bar imposed by the Louisiana courts.  The record does not support a finding that any factor external to the defense prevented petitioner from asserting these claims in a procedurally proper manner.  The record reflects no action or inaction by the State which prevented him from properly asserting these claims in the state courts.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." <u>Hogue v. Johnson</u>, 131 F.3d 466, 497 (5th Cir. 1997) (citing <u>Engle</u>, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  <u>Ratcliff v. Estelle</u>, 597 F.2d 474, 477 (5th Cir. 1979) (citing <u>Lumpkin v. Ricketts</u>, 551 F.2d 680, 681-82 (5th Cir. 1977)).

C.    <u>FUNDAMENTAL MISCARRIAGE OF JUSTICE</u>

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902.  To satisfy the factual innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); see Nobles, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").  When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception.  Glover, 128 F.3d at 903.  McDonald presents no argument and the record contains nothing suggesting his actual innocence on the underlying conviction.

For these reasons, McDonald has failed to overcome the procedural bar to review of his claim by this federal court.  His claim must be dismissed with prejudice as procedurally defaulted.[34]

---

[34]McDonald has not asserted an ineffective assistance of counsel claim to this court or to the state courts.  Thus, neither the holding in Martinez, 566 U.S. at 1 nor Trevino, 569 U.S. at 413, provide him

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Charles McDonald's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as both time-barred and procedurally defaulted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[35]

New Orleans, Louisiana, this _____30th_____ day of November, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

an excuse from the state imposed procedural bar to his claim. If he now were to assert a claim of ineffective assistance of counsel, the claim would not be exhausted for purposes of federal review or cause for his default. Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (quoting Murray, 477 U.S. at 489) (ineffective assistance of counsel generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.").

[35]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.